**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-14007-MARTINEZ/MAYNARD**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**JOHN MCHUGH,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**ADMISSIONS TO VIOLATION NUMBERS 2, 3, 4, 6, 7, AND 10**

**THIS CAUSE** having come before the Court on the pending Petition for Warrant or Summons for Offender under Supervision ("Petition") (DE 50) and this Court having convened a hearing, now recommends to the District Court as follows:

1.    The Defendant appeared before this Court on December 18, 2020 for a hearing on the Petition.  The hearing was convened via videoconference on the Zoom platform.  At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case.  (DE 59).  Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary.  The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2.      After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 2, 3, 4, 6, 7 and 10 as set forth in the Petition.  The Government agreed to dismiss Violation Numbers 1, 5, 8 and 9 at sentencing.

3.      Defendant admitted the following violations:

**Violation Number 2**            **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer.  On or about October 29, 2020, the defendant was questioned about his noncompliant conduct between September and October 2020.  During this inquiry, the defendant failed to answer truthfully by intentionally omitting information from his probation officer regarding corresponding or communicating in person with a company offering to buy, sell, trade, exchange, or produce visual depictions of adults engaged in sexually explicit conduct.

**Violation Number 3**            **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer.  On or about October 29, 2020, the defendant was questioned about his noncompliant conduct between September and October 2020.  During this inquiry, the defendant failed to answer truthfully by intentionally omitting information from his probation officer regarding entering a place primarily used by children under the age of 18, unless approved by the U.S. Probation Officer.

**Violation Number 4**            **Violation of Standard Condition**, by failing to follow the instructions of the probation officer.  On or about October 29, 2020, the defendant was instructed to immediately update his sex offender registration by reporting a temporary or transient address and failed to follow this instruction as directed.

**Violation Number 6**            **Violation of Special Condition**, by having personal, mail, telephone, or computer contact with children/minors under the age of 18, or with the victim.  On one occasion in September 2020, the defendant admitted to having contact with children/minors under two years of age while spending the night at his girlfriend's residence located in Saint Lucie County, Florida.

**Violation Number 7**     **Violation of Special Condition**, by corresponding or communicating in person, by mail, telephone, or computer with individuals or companies offering to buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. On at least one occasion, between September and October 2020, the defendant admitted to going in-person to Lion's Den; which, is a company known to him to buy, sell, exchange, possess, trade, or produce visual depictions of adults engaged in sexually explicit conduct.

**Violation Number 10**    **Violation of Special Condition**, by failing to refrain from entering, or frequenting, places primarily used by children under the age of 18; unless approved by the U.S. Probation Officer. On at least one occasion, between September and October 2020, the defendant admitted to entering Superplay USA, in Saint Lucie County, Florida; which is a family entertainment center that is primarily used by children under the age of 18, without the approval of the U.S. Probation Officer.

    4.  The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 2, 3, 4, 6, 7 and 10. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

    5.  The Government proffered a factual basis for the admissions into the record. The Defendant agreed that the facts as stated by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, this Court finds that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 2, 3, 4, 6, 7 and 10.

    6.  The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 2, 3, 4, 6, 7 and 10, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.   Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 18th day of December, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE