UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-TP-14007-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MCHUGH,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

**THIS CAUSE** came before me for a status hearing on May 7, 2025. At that time, the Defendant represented – through counsel – that he wished to admit Violation Numbers 1 through 10 in the Petition for Warrant or Summons for Offender under Supervision (the "Petition") [DE 69], and he did not wish to contest Violation Number 11. The Defendant consented and agreed on the record to have a United States Magistrate Judge conduct the hearing. Having held a hearing in this matter, I recommend as follows:

### Violation Numbers 1 through 10

1. The Defendant admitted Violation Numbers 1 through 10 as set forth in the Petition.

2. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

3. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

4. The Government relied on the facts outlined in the Petition regarding Violation Numbers 1 through 10 to support the Defendant's admissions. The Defendant admitted the facts as stated by the Government regarding Violation Numbers 1 through 10 are true. Having heard the Government's proffer and the Defendant's admission thereto, I find that there is a sufficient factual basis to support the Defendant's admissions to Violation Numbers 1 through 10.

### Violation Number 11

5. The Government proffered facts relating to Violation Number 11 from the Petition, and the Memorandum of United States Probation Officer Robert Tango, dated March 24, 2025. The Defendant did not object to my consideration of the proffered evidence.

6. The Defendant did not seek to cross-examine any witnesses and did not present any witnesses or evidence regarding Violation Number 11. I advised the Defendant of his rights in this regard, and the Defendant agreed that he did not wish to cross-examine witnesses or present any witnesses or evidence.

7. I have considered the Government's proffer, which was admitted without objection or cross-examination, and find that it establishes by a preponderance of the evidence that the Defendant committed Violation Number 11.

### Recommendation

**ACCORDINGLY**, I recommend to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 11, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. The parties will have a shortened objections period of seven (7) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of

Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 3rd day of June, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE